UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JONATHAN BAKER, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 7:21-CV-1436-RDP |
| } | |
| ALABAMA DEPARTMENT OF } | |
| MENTAL HEALTH, et al., } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION

This matter is before the court on Defendant Kimberly Boswell's ("Defendant Boswell") Motion to Dismiss Plaintiff's Fifth Amended Complaint. (Doc. # 55). The Motion has been fully briefed. (Docs. # 56, 58, 59). After careful review, and for the reasons discussed below, the Motion is due to be granted.

**I.     Background**

On November 7, 2019, Plaintiff Jonathan Baker presented to the Emergency Department at DCH Regional Medical Center with two black eyes, broken fingers, head injuries, and bruising. (Doc. # 50 ¶¶ 16-17). At the time, Plaintiff was a resident of Taylor Hardin Secure Medical Facility ("Taylor Hardin"), a "psychiatric hospital that provides comprehensive psychiatric evaluations and treatment to criminally committed male patients." (*Id.* ¶ 12). Plaintiff alleges that all of these injuries were caused by direct blows from Defendant William Hamilton ("Defendant Hamilton"), a forensic technician employed at Taylor Hardin. (*Id.* ¶ 17).

**II.     Legal Standard**

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id*. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

**III.  Analysis**

Plaintiff seeks an injunction against Defendant Boswell, the Commissioner of the Alabama Department of Mental Health ("ADMH"), requiring her to "provide adequate staffing at Taylor

Hardin." (Doc. # 50 ¶ 228(d)). Defendant Boswell argues that Plaintiff lacks standing to seek such an injunction because he is no longer a resident of Taylor Hardin, and the pleadings do not suggest a substantial likelihood that he will be returned to that facility. (Doc. # 56 at 5-7). Plaintiff counters that he has standing to bring the case and suggests (though stops short of alleging) that the ADMH transferred Plaintiff to another facility principally to defeat standing. (Doc. # 58 at 4-8).

"[T]o demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a *substantial likelihood that he will suffer injury in the future*." *Worthy v. City of Phenix City,* 930 F.3d 1206, 1215 (11th Cir. 2019) (emphasis in original) (internal citations omitted). The threat of future harm must be "real and immediate" rather than merely "conjectural and hypothetical." *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1302 (11th Cir. 2007) (quoting *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001)). Put differently, future harm must be imminent, and a "perhaps or maybe chance" of harm is insufficient to support standing. *Bowen v. First Family Fin. Serv.*, 233 F.3d 1331, 1340 (11th Cir. 2000) (internal quotation marks omitted).

In his responsive brief, Plaintiff relies on two cases to support his standing argument -- *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199 (1968) and *Laufer v. Arpan LLC*, 29 F.4th 1268 (11th Cir. 2022). (Doc. # 58 at 5). In *Concentrated Phosphate*, the Court held that the case before it was not moot. *Concentrated Phosphate*, 393 U.S. at 203 ("A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."). However, while certainly related, questions of justiciability, standing, and mootness are separate doctrines with different tests and distinct purposes. And, these distinctions are not mere semantics; "[t]he Constitution's case-or-controversy

limitation on federal judicial authority, Art. III, § 2, underpins both standing and mootness doctrine, but the two inquiries differ in crucial respects." *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.*, 528 U.S. 167, 168 (2000). The Supreme Court has described mootness as "the doctrine of standing set in a time frame: [t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Id.* at 170 (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68, n. 22 (2000)). While not comprehensive, this definition neatly summarizes the differences between the doctrines. Because *Concentrated Phosphate* turned on mootness rather than standing, it is not applicable to this case.

In *Laufer*, the Eleventh Circuit held that the plaintiff had standing because her alleged stigmatic injury was concrete and particularized and therefore constituted an injury-in-fact. *Laufer*, 29 F.4th at 1274-75. By way of analogy, Plaintiff argues that his "very realistic prospects of returning to the conditions at [Taylor Hardin] … pose the likelihood of far more than a stigma." (Doc. # 58 at 5). Plaintiff's focus on his injury, however, misses the mark. That Plaintiff *would* suffer a concrete and particularized injury if he was returned to Taylor Hardin is not in dispute. The real question, however, is the one that Plaintiff brushes over: what is the *likelihood* of his return to Taylor Hardin? Thus, Plaintiff's reliance on *Laufer* is also misguided.

Turning to the pleadings, Plaintiff addresses the possibility of future harm only twice in his Complaint. First, he claims a "strong likelihood" that he will be returned to Taylor Hardin, "as it is the only secure mental health facility in the state." (Doc. # 50 ¶ 41). Second, in a footnote, he argues that "[t]here is a substantial likelihood that Baker will be returned to Taylor Hardin. There is a real and immediate likelihood that [Plaintiff] will be affected by dangerous under-staffing at the facility." (*Id.* at 46, n. 19). These allegations are insufficient to support standing to seek injunctive relief. While it is not necessary at this stage in the litigation to provide detailed factual

4

allegations to support a claim, Plaintiff must provide more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, Plaintiff provides only "labels and conclusions" and "naked assertion[s]" without supporting factual allegations. *Id*. at 557, 557. As a result, he has not sufficiently plead facts that suggest a substantial likelihood of future harm. Accordingly, Plaintiff does not have standing to seek an injunction against Defendant Boswell.

### IV.    Conclusion

For the reasons outlined above, Defendant Boswell's Motion to Dismiss (Doc # 55) is due to be granted. A separate order will be entered contemporaneously.

**DONE** and **ORDERED** this February 10, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE